IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOLORES NAKAMOTO, ) | CIVIL NO. 20-00243 SOM |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION TO REMAND |
| vs. ) | |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY; TED AWANA; JOHN DOES ) | |
| 1-20; JANE DOES 1-10; and DOE ) | |
| ENTITIES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

**I.     INTRODUCTION.**

Before this court are Plaintiff Dolores Nakamoto's motion to remand and Defendant Ted Awana's motion to dismiss. Both motions turn on the same issue. Nakamoto's complaint alleges that Awana, a claims adjuster for Defendant State Farm Fire and Casualty Company, negligently processed her insurance claim. Because Awana and Nakamoto are both citizens of Hawaii, Nakamoto contends that her claim against Awana defeats diversity jurisdiction. Defendants, on the other hand, maintain that Hawaii does not recognize a negligence action against a claims adjuster. They therefore argue that the claim against Awana should be dismissed, and that his fraudulent joinder does not defeat diversity jurisdiction.

The record does not establish that Awana was fraudulently joined. To establish fraudulent joinder, Defendants

bear the heavy burden of showing that it would be *impossible* for Nakamoto to prevail on her claim against Awana in state court. *Grancare, LLC v. Thrower by & through Mills,* 889 F.3d 543, 548-49 (9th Cir. 2018).  They have not met that burden.  Although the Hawaii Intermediate Court of Appeals has held that an insurer's employee may not be sued for negligent performance of his or her job duties, the Hawaii Supreme Court has not yet ruled on whether claims adjusters can be held liable for negligence.  Given the present state of Hawaii law, this court cannot say that it is impossible that the Hawaii Supreme Court would permit Nakamoto's claim against Awana to proceed.  This court therefore grants Nakamoto's motion to remand and leaves Awana's motion to dismiss for the state courts.

**II.     BACKGROUND.**

On April 1, 2020, Nakamoto filed this action in Hawaii state court.  She asserted that her home was damaged in 2018 by a lava flow from a Kilauea volcanic eruption.  She said she filed an insurance claim with State Farm, which allegedly paid her approximately $250,000 less than her claim was worth.  ECF No. 8-3, PageID # 77, 81.  Her complaint asserted several different causes of action against State Farm.  She also brought a negligence cause of action against State Farm's claims adjuster, Awana.  Nakamoto alleged that Awana had been negligent in failing

to "research, investigate, and properly adjust" her claim. *Id.* at 89.

On May 26, 2020, Defendants removed this action to federal court. ECF No. 1. Defendants acknowledge that both Awana and Nakamoto are citizens of Hawaii. *Id.* at 3. To overcome that hurdle, they argue that Awana has been fraudulently joined because, under Hawaii law, a claims adjuster cannot be held personally liable for actions taken within the scope of his employment. *Id.* at 3 (citing *Moore v. Allstate Ins. Co.*, 6 Haw. App. 646, 736 P.2d 73 (1987)).

Both parties have filed motions addressing the viability of Nakamoto's claim against Awana. For her part, Nakamoto, in a motion to remand, argues that her claim against Awana is cognizable and that there was therefore no fraudulent joinder. ECF No. 9. Awana, on the other hand, asks this court to dismiss the claims against him because he did not owe Nakamoto a duty of care. ECF No. 10.

**III.     LEGAL STANDARD.**

In removing this case, Defendants are relying on diversity jurisdiction, set forth in 28 U.S.C. § 1332. That statute says that federal district courts may exercise jurisdiction over civil suits in which the parties are citizens of different states and the amount in controversy exceeds $75,000. The citizenship requirement is met only if each

defendant is a citizen of a different state from each plaintiff. *Diaz v. Davis,* 549 F.3d 1223, 1234 (9th Cir. 2008). Claiming that those prerequisites are met if the alleged improper inclusion of Awana is disregarded, Defendants have removed this action to this court under 28 U.S.C. § 1441.

**IV.       ANALYSIS.**

This court addresses Nakamoto's motion to remand first. Defendants argue that Nakamoto's joinder of Awana in this case is fraudulent. "Fraudulent joinder is a term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). It does not always require actual fraud. Indeed, Defendants do not argue actual fraud here. "Fraudulent joinder" is shown by establishing either "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation and quotation marks omitted).

Defendants rely on the second prong: they argue that Hawaii law does not recognize Nakamoto's negligence claim. To prevail, Defendants must demonstrate that Nakamoto's failure to state a claim is "obvious," *i.e.*, that there is no "*possibility* that a state court would find that the complaint states a cause of action against [Awana.]" *See Grancare*, 889 F.3d at 548-49 (emphasis in original) (quotation marks omitted); *see also*

4

*Hunter*, 582 F.3d at 1046; *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  In attempting to make that showing, Defendants bear "a heavy burden since there is a general presumption against finding fraudulent joinder."  *Grancare*, 889 F.3d at 548 (quotation marks and brackets omitted).  Put another way, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

   Defendants seek to meet their heavy burden of showing Nakamoto's inability to establish a claim against Awana by noting that, under Hawaii law, claims adjusters do not owe insureds a duty of care.  *See* ECF No. 16, PageID # 167-171.  To show fraudulent joinder, Defendants must show that it is obvious that the Hawaii Supreme Court would reject Nakamoto's claims.  Even if the lower state courts might rule against Nakamoto, as long as there is a possibility that the Hawaii Supreme Court will find her claim to be viable, it can be said that there is a possibility that she will prevail in state court.

   Defendants cite no Hawaii Supreme Court decision that is on point.  Instead, they rely on *Moore*, a decision issued by Hawaii's Intermediate Court of Appeals.  That is not enough to show that Nakamoto's claims against Awana are hopeless. Reasonable jurists have reached different conclusions about whether insureds can bring negligence claims against insurance

5

adjusters.  And nothing in *Moore*, or any other Hawaii decision, conclusively establishes which side of the debate the Hawaii Supreme Court will find more persuasive.

### A. Other Jurisdictions Have Split on this Issue.

If presented with this case, the Hawaii Supreme Court would have to decide whether claims adjusters like Awana owe insureds like Nakamoto a duty of care.  Legal duties are "conclusory expressions that, in cases of a particular type, liability should be imposed for damage done."  *Ah Mook Sang v. Clark*, 130 Hawaii 282, 291, 308 P.3d 911, 920 (2013) (quoting *Lee v. Corregedore*, 83 Hawaii 154, 166, 925 P.2d 324, 336 (1996)).  Deciding "whether to impose a duty of care in any given case 'requires the balancing of several factors in light of the policies favoring recovery versus those limiting liability.'"  *Id.* at 293, 308 P.3d at 922 (quoting *Blair v. Ing*, 95 Hawaii 247, 260, 21 P.3d 452, 465 (2001)).

In the context of negligence actions brought against claims adjusters, other jurisdictions have balanced those considerations differently. *See, e.g.*, *Tippett v. Ameriprise Ins. Co.*, 2015 WL 1345442, at *4 (E.D. Pa. Mar. 25, 2015) (collecting cases); *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 642 (7th Cir. 2015) (same).  Most jurisdictions have held that claims adjusters do not owe a duty of care to insureds, but at least two jurisdictions (New Hampshire and Alaska)

disagree. *Id.*

Jurisdictions that permit negligence actions against claims adjusters reason that, because "[b]oth the insured and the insurer have a stake in the outcome of the [claims adjuster's] investigation," the adjuster "owes a duty to the insured as well as to the insurer to conduct a fair and reasonable investigation of an insurance claim." *Morvay v. Hanover Ins. Companies*, 506 A.2d 333, 335 (N.H. 1986). In other words, the primary rationale for holding that claims adjusters owe a duty of care to insureds is to deter adjusters from unfairly skewing the way they adjust claims to benefit insurers. *Cf. Keodalah v. Allstate Ins. Co.*, 449 P.3d 1040, 1053 (Wash. 2019) (Yu, J., dissenting) (arguing that holding claims adjusters liable for bad faith would deter misconduct).

On the other hand, most courts have concluded that imposing such a duty would leave claims adjusters in an untenable position:

> Imposing a duty . . . would subject the adjuster to conflicting loyalties. Insurers and insureds often disagree as to coverage or the amount of loss. An adjuster cannot argue both sides of such disputes, any more than a lawyer can represent opposite sides in a lawsuit. An adjuster owes a duty to the insurer who engaged him. A new duty to the insured would conflict with that duty, and interfere with its faithful performance. This is poor policy.

*Sanchez v. Lindsey Morden Claims Servs., Inc.*, 72 Cal. App. 4th

7

249, 253 (1999); *accord Trinity Baptist Church v. Bhd. Mut. Ins. Servs., LLC*, 341 P.3d 75, 85 (Okla. 2014) ("[C]reating a separate duty from the adjuster to the insured would thrust the adjuster into what could be an irreconcilable conflict between such duty and the adjuster's contractual duty to follow the instructions of its client, the insurer[.]" (quotation marks omitted)); *Hamill v. Pawtucket Mut. Ins. Co.*, 892 A.2d 226, 231 (Vt. 2005) ("Subjecting adjusters to potential tort liability from insureds could create conflicting loyalties with respect to the adjusters' contractual obligations, given that insureds and insurers often disagree on the extent of coverage or the amount of damages.").

Courts finding no duty owed by adjusters to insureds reason that insureds do not need to proceed against claims adjusters to fully recover, because they can sue insurers directly. *See Sanchez*, 72 Cal. App. 4th at 254; *Tippett*, 2015 WL 1345442, at *5. As a practical matter, it can be argued that permitting such claims is unlikely to deter misconduct, as insurers will routinely indemnify adjusters, meaning that adjusters will not have their personal funds at stake.

This court finds the majority position persuasive, but on a motion to remand the issue is not which argument this court personally prefers. Rather, this court must determine whether the Hawaii Supreme Court might impose a duty of care on adjusters after balancing the pertinent costs and benefits. *See Ah Mook*

8

*Sang*, 130 Hawaii at 291, 308 P.3d at 920. Decisions from other jurisdictions make it clear that reasonable jurists can disagree on how to balance those factors.

> **B. This Court Cannot Say That the Hawaii Supreme Court will Certainly Adopt the ICA's Approach.**

This court cannot say with certainty that the Hawaii Supreme Court will agree with the majority position, adopted by the Hawaii Intermediate Court of Appeals in *Moore*. The Hawaii Supreme Court has never ruled on this issue or even cited *Moore* with approval. Indeed, it appears that the Hawaii Supreme Court might not have even received a certiorari petition challenging *Moore*'s holding.[1] In the absence of more concrete guidance, the court cannot conclude that it is obvious that the Hawaii Supreme Court will agree with *Moore*.

In *Moore*, the plaintiff demanded that Allstate defend her in a negligence action relating to a car accident. 6 Haw. App. at 647-58, 736 P.2d at 75. When Allstate refused, the plaintiff sued Allstate and Gary Bisho, the Allstate claims adjuster. *Id.* at 648. The ICA held that the plaintiff had no viable claim against Bisho:

> Moore's argument that Bisho is liable to her in his capacity as Allstate's employee and for negligently performing his duties is

---

[1] At the hearing on the present motions to remand and to dismiss, defense counsel, an experienced practitioner who specializes in this area, indicated that she was unaware of any certiorari petitions on this issue.

9

>           utterly without merit. Bisho was merely an
>           employee of Allstate, and Moore's attempt to
>           hold him personally liable is without
>           precedent and legally insupportable. The
>           cases cited by Moore on this issue are
>           inapposite.

*Id.* at 650, 736 P.2d at 77.

*Moore* does not include any analysis. It cites no cases supporting its conclusions and discusses no policy. Instead, in a single paragraph, it announces its holding that claims adjusters do not owe insureds a duty of care. *Moore* therefore provides little insight as to how Hawaii law might mesh with any particular approach and leaves this court unable to predict what the Hawaii Supreme Court might decide with respect to this issue.

Defendants read the Hawaii Supreme Court's decision in *Francis v. Lee Enterprises, Inc.*, 89 Hawaii 234, 235, 971 P.2d 707, 708 (1999), as suggesting that the Hawaii Supreme Court will not find a duty owed by an adjuster to an insured. *Francis* held that Hawaii does not recognize a cause of action for a "tortious breach of contract." *See also Corps Const., Ltd. v. Hasegawa*, 55 Haw. 474, 476, 522 P.2d 694, 696 (1974) ("[A]n agent contracting within his authority on behalf of a competent, disclosed principal does not become liable for the contract's non-performance merely because his principal cannot or will not perform."); *Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship*, 115 Hawaii 201, 212, 166 P.3d 961, 972 (2007) (same).

In adopting the majority position against recognizing a duty owed by an adjuster to an insured, some courts in other jurisdictions have drawn from holdings akin to those in *Francis* and *Hasegawa*. They reason that because the plaintiff is really complaining about the insurer's breach of the insurance contract, the plaintiff should not be able to transform that complaint into a negligence claim against the claims adjuster. *Lodholtz*, 778 F.3d at 642-43 ("An agent is not liable for the harm that befalls a third party by failing to perform under the contract. . . . These principles apply here because the legal duty attached to an insurance claim flows from the parties' contractual obligations."); *Monck v. Progressive Corp.*, 2015 WL 1638574, at *8 (M.D. Pa. Apr. 13, 2015); *see also Lippert v. Bailey*, 241 Cal. App. 2d 376, 383-84 (1966) (refusing to recognize an action for the "negligent invasion of the plaintiffs' contractual right").

But other courts have concluded that the claims adjuster is being held liable for his or her own negligence in investigating and adjusting the claim, not for a breach of the insurance contract. *Morvay*, 506 A.2d at 335. In this court's view, *Francis* therefore cannot be said to be dispositive on the issue of whether there is a possibility that the Hawaii Supreme Court might disagree with the Hawaii Intermediate Court of Appeals on the issue before this court. *Kennedy v. Allstate Prop. & Cas. Ins. Co.*, 2015 WL 4111816, at *5 (E.D. Pa. July 8,

11

2015) ("[T]here is at least a possibility that a state court would find that [a similar] complaint states a cause of action for negligence rather than one sounding in contract.").

In sum, neither the ICA's adoption of the majority rule nor the Hawaii Supreme Court's own decisions make it clear that the Hawaii Supreme Court will take the approach set forth in *Moore*.  *See Kennedy*, 2015 WL 4111816, at *3-4 (finding it possible that the Pennsylvania Supreme Court would "decide that an insurance adjuster owes a duty of care to an insured" because "two states' supreme courts have reached that conclusion"); *cf. Lewis v. Home Depot U.S.A., Inc.*, 2013 WL 843089, at *3 (N.D. Cal. Mar. 6, 2013) (holding that a single decision of California's intermediate court of appeals established fraudulent joinder because the plaintiff "failed to point to any state court that has reached a [contrary] conclusion").  Defendants have not met their burden of demonstrating that Awana was fraudulently joined.  That is, Defendants have not shown that it is "obvious" that Nakamoto's claims against Awana are doomed to fail in state court.[2]

---

[2] Defendants contend that the Ninth Circuit's decision in *Mercado v. Allstate Insurance Co.*, 340 F.3d 824, 826 (9th Cir. 2003), supports their assertion that Awana was fraudulently joined.  ECF No. 8-1, PageID # 65.  In *Mercado*, the Ninth Circuit held that a claims adjuster was fraudulently joined because, in California, she could not be held individually liable in a tort action.  340 F.3d at 826.  Citing *Lippert*, a decision by California's equivalent of the Hawaii Intermediate Court of Appeals, the Ninth Circuit explained that, under California law,

**V.     CONCLUSION.**

This court declines Defendants' invitation to rule on an issue that is better left to the Hawaii Supreme Court. It is the responsibility of the Hawaii Supreme Court, not this court, to determine Hawaii law. When, as in this case, the Hawaii law is unclear, federal decisions should not take over a state supreme court's lawmaking function. By remanding the case, this court ensures that the Hawaii Supreme Court will retain that responsibility.

On remand, the state courts must decide Awana's motion to dismiss. If the trial court, looking to the ICA's decision in *Moore*, determines that it must dismiss the claims against Awana, Nakamoto can appeal that dismissal. Ultimately, the parties may

---

"an agent or employee . . . . cannot be held individually liable as a defendant [for actions taken in her capacity as an employee] unless she acts for her own personal advantage." *Id.*

The Ninth Circuit's interpretation of California law does not speak to Hawaii law. In Hawaii, agents are liable when they cause a third party "harm by conduct which is tortious" even if that conduct falls within the scope of their employment. *Laeroc*, 115 Hawaii at 228, 166 P.3d at 988 (quotations omitted). *Laeroc*'s conclusion is consistent with the Restatement of Agency. *See, e.g.*, Restatement (Third) Of Agency § 7.01 cmt. b (2006) ("An agent whose conduct is tortious is subject to liability. This is so whether or not the agent acted with actual authority, with apparent authority, or within the scope of employment."); *see also id.* cmt. b ("If a principal ratifies an agent's tortious conduct, the ratification does not release the agent from liability to the third party unless the agent's conduct constituted a tort only because the agent acted without the principal's consent."). *Mercado*'s interpretation of California law is not controlling here.

ask the Hawaii Supreme Court to weigh in, and, in the normal course, the Hawaii Supreme Court would then be the court deciding the substantive issue presented to this court.  That is as it should be.

Nakamoto's motion to remand is granted.  This court does not rule on Awana's motion to dismiss, which is included in the matters remanded to the state courts.

The Clerk of Court is directed to terminate the motion to dismiss in this court and to send a certified copy of this order to the Clerk of the Circuit Court of the Third Circuit, State of Hawaii.  The transmittal to the state court should include the state court case number of 3CCV-20-0000139.

It is so ordered.

DATED: Honolulu, Hawaii, August 11, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Nakamoto v. State Farm Fire and Casualty Co.*, Civil No. 20-00243 SOM; ORDER GRANTING PLAINTIFF'S MOTION TO REMAND